IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SON T. BUI, | Case No. 1:10-cv-01324 JLT (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 1) |
| S. LOPEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed July 23, 2010.

**I.   SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United

1

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    THE COMPLAINT**

In the first cause of action, Plaintiff alleges that in October 2007, he suffered an injury to his left knee. (Doc. 1 at 3) He was seen by prison medical staff at Kern Valley State Prison and provided treatment. Id. On November 26, 2007, he was seen by a outside orthopedist who conducted an MRI and determined that Plaintiff needed surgery and a knee brace. Id. However, Plaintiff was denied the surgery and the brace until July 2008. Id. Plaintiff alleges that Defendants Zamora, Campos, Lopez and Chen were aware of the pain he was experiencing and failed to act to cause the surgery to occur. Id. at 3-4.

Notably, the Defendants were all employed at KVSP. Id. at 2.  Zamora was the "Health Care Manager," Campos was a registered nurse, Lopez was the Chief Medical Officer and Chen was a doctor. Id. Plaintiff alleges these acts constitute a violation of the Eighth Amendment.

In the second cause of action, Plaintiff alleges that a year later, Plaintiff reinjured his knee but Dr. Chen refused to order an MRI and refused to drain the fluid that had built up at the injury site. (Doc. 1 at 5) Plaintiff alleges that Defendants Lopez and Campos had oversight over Dr. Chen. Id. Plaintiff asserts that these acts constitute state law negligence. Id.

### III.  DISCUSSION

#### A.  Eighth Amendment – Inadequate Medical Care

To state a claim for the violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In other words, Plaintiff must demonstrate: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).  Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-1060 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096.  Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

(citing Estelle, 429 U.S. at 105-06). A difference in opinion between a physician and his patient over the best course of treatment is also insufficient to demonstrate deliberate indifference. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, Plaintiff has alleged sufficient facts to demonstrate that he suffered a serious medical need. However, does not allege any facts to support his conclusion that the Defendants acted with deliberate indifference to that serious medical need. To state a claim, however, § 1983 requires that there be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691-92 (1978); Rizzo, 423 U.S. at 370-71; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Plaintiff must allege *facts* showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." Johnson, 588 F. 2d at 743-44. The complaint must specifically allege how each named defendant is liable for the claimed deprivation.

However, Plaintiff fails to describe any wrongful action taken by any of the named Defendants that would support the first cause of action.

**B.  Negligence - California Tort Claims Act**

Under California law, Plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Thus, to plead a state law claim, Plaintiff must comply with the California Tort Claims Act and allege facts sufficient to demonstrate compliance with the Act's presentation requirement. State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1243-44 (2004).

Plaintiff has failed to address the California Tort Claims Act in any manner in his complaint and, therefore, has failed to allege any facts to support a conclusion that he made a timely governmental claim and that the claim was rejected. Therefore, the claim for state law negligence is **DISMISSED**.

**C.  Leave to Amend**

The Court will provide Plaintiff an opportunity to amend his pleadings to cure the deficiencies

noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

Plaintiff's amended complaint must be a **short, plain statement** and "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). There is no need to attach supporting evidence or exhibits it.

Plaintiff's amended complaint must give Defendants' a fair opportunity to frame their defenses. Thus, it must clearly state for each inidivual Defendant: 1) who that Defendant is; 2) what that Defendant did; and 4) how that Defendant's actions violated that right. Defendants are not sued collectively and each Defendant is only liable for the injuries that his/her own actions cause. See Leer v. Murphy, 844 F.2d at 633 ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") Thus, Plaintiff must specifically allege the link between each individual defendant and the alleged constitutional violation(s).

Plaintiff is cautioned that in his amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted)

**IV.   CONCLUSION**

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure

5

and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

4. Plaintiff is firmly cautioned that failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **March 8, 2012**                                   /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE